UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

IN RE OCALA FUNDING, LLC,
COMMERCIAL LITIGATION						MDL No. 2362

ORDER DENYING TRANSFER

**Before the Panel**:[*]  Pursuant to 28 U.S.C. § 1407, Bank of America, N.A., moves for centralization of this litigation in the Southern District of New York. This litigation currently consists of three actions pending in the Southern District of New York and one action pending in the District for the District of Columbia, as listed on Schedule A. All responding parties oppose centralization.

After considering the argument of counsel, the Panel is not persuaded that Section 1407 centralization would serve the convenience of the parties and witnesses or further the just and efficient conduct of this litigation. Although these actions share background factual issues concerning the 2009 collapse of Taylor, Bean & Whitaker Mortgage Corp., its wholly-owned subsidiary Ocala Funding, LLC ("Ocala"), and Colonial Bank, the movant has failed to convince us that the overlapping questions of fact are sufficiently numerous to warrant centralization of the District of Columbia action in the Southern District of New York. Individualized issues concerning each party's rights and duties under separate sets of contracts, and with different contracting parties, appear to predominate among the actions. Additionally, the New York actions are at an advanced stage of discovery, whereas discovery has not yet begun in the District of Columbia action. Given that four actions are pending in two districts, and three actions already are being extensively coordinated, the movant has failed to convince us that centralization is needed. *See In re Transocean Ltd. Secs. Litig.*, 753 F. Supp. 2d 1373, 1374 (J.P.M.L. 2010) ("As we have stated in the past, where only a minimal number of actions are involved, the moving party generally bears a heavier burden of demonstrating the need for centralization.").

The movant is represented by common counsel in the four actions. The record demonstrates that counsel for the New York plaintiffs are willing to coordinate proceedings in related cases, as there already has been extensive coordination among the three New York actions. Given the limited

---

[*] Judge Kathryn H. Vratil took no part in the decision of this matter.

-2-

number of actions and the present circumstances, informal cooperation among the involved attorneys and courts is both practicable and preferable.[1] *See In re: Boehringer Ingelheim Pharm., Inc., Fair Labor Standards Act (FLSA) Litig.*, 763 F. Supp. 2d 1377, 1378-79 (J.P.M.L. 2011).

    IT IS THEREFORE ORDERED that the motion, pursuant to 28 U.S.C. § 1407, for centralization of these actions is denied.

PANEL ON MULTIDISTRICT LITIGATION

_____
John G. Heyburn II
Chairman

W. Royal Furgeson, Jr.    Barbara S. Jones
Paul J. Barbadoro    Marjorie O. Rendell
Charles R. Breyer

---

[1] Respondent Federal Deposit Insurance Corporation, as receiver for Colonial Bank and Platinum Community Bank, objected to transfer on the ground that subject matter jurisdiction does not lie in the Southern District of New York for claims against the FDIC as receiver, under 12 U.S.C. § 1821(d)(13). In light of the Panel's determination that centralization will not serve the purposes of Section 1407, the Panel need not reach that issue.

**IN RE OCALA FUNDING, LLC,**
**COMMERCIAL LITIGATION**                                                          MDL No. 2362

## SCHEDULE A

<u>District of the District of Columbia</u>

Bank of America, N.A. v. Federal Deposit Insurance Corp., C.A. No. 1:10-01681

<u>Southern District of New York</u>

BNP Paribas Mortgage Corp. v. Bank of America, N.A., C.A. No. 1:09-09783
Deutsche Bank AG v. Bank of America, N.A., C.A. No. 1:09-09784
Natixis Financial Products LLC v. Bank of America, N.A., C.A. No. 01:10-03656